Ann H. MacDonald (Pro Hac Vice)
amacdonald@schiffhardin.com
SCHIFF HARDIN LLP
233 S. Wacker Dr., Suite 6600
Chicago, IL 60606
Tel: (312) 258-5548
Fax: (312) 258-5600

Attorneys for Defendants
Wyndham Vacation Resorts, Inc.
and Wyndham Vacation Ownership, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| SHIRLEY SYMONDS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WYNDHAM VACATION RESORTS, INC., a California Corporation; WYNDHAM VACATION OWNERSHIP, INC., a California Corporation; TIMESHARE LEGAL, LLC, a New Jersey Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 8:15-cv-02083-CJC-DFMx<br><br>**DISCOVERY MATTER**<br><br>**STIPULATED [PROPOSED] PROTECTIVE ORDER** |

## STIPULATED [PROPOSED] PROTECTIVE ORDER

- 1 -   Case No. 8:15-cv-02083-CJC-DFM

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, and upon agreement of the parties that the entry of this Stipulated Protective Order will expedite the flow of discovery materials, protect information entitled to confidential treatment, and provide protection only for materials so entitled, IT IS HEREBY ORDERED THAT:

1. Any party to this litigation and any third party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing that: (a) contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information; (b) contains private or confidential personal information; (c) contains information received from third parties that is reasonably considered confidential, or (d) the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure ("Confidential Information"). Any party to this litigation, or any third party covered by this Order, who produces or discloses any Confidential Information, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

2. Any party to this litigation and any third party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party ("Attorneys' Eyes Only Information"). Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only Information, including without limitation any

information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER."

3.  All Confidential and Attorneys' Eyes Only Information, together with any and all excerpts, notes or summaries of such information, shall be used solely for purposes of the prosecution or defense of this action, shall not be used for any business, commercial, competitive, personal or other purpose, and shall not be disclosed other than as provided in Paragraph 4 below (for Confidential Information) or as provided in Paragraph 6 below (for Attorneys' Eyes Only Information), unless and until the restrictions of this Protective Order are removed either by written agreement of counsel for the parties, or by Order of the Court.  It is, however, understood that counsel for a party may provide legal advice to his or her client in this action, solely relating to the above-captioned action, based on his or her evaluation of Confidential or Attorneys' Eyes Only Information, provided that such advice shall not reveal the content of such Confidential or Attorneys' Eyes Only Information except by prior written agreement of counsel for the parties, or by Order of the Court.

4.  Confidential Information and the contents of Confidential Information may be disclosed only to the following individuals under the following conditions:

   a.  Outside counsel (defined to mean any attorney at the parties' outside law firms) and inside counsel for the parties;

   b.  Outside independent experts or consultants retained by outside counsel for purposes of this action, provided they have signed, in advance, a non-disclosure agreement in the form attached to this Order as Exhibit A, to be maintained for 7 years by the retaining counsel;

   c.  Secretarial, paralegal, clerical, duplicating and data processing

personnel employed or retained by the persons described in Pars. (a) – (b) above;

   d. The Court and court personnel;

   e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy in the ordinary course of business, is an officer, director, employee or agent of the party who produced the information, document or thing, if it is established at the deposition that the deponent has independent knowledge of the information, or if the producing party consents to such disclosure, or the deponent otherwise agrees to be bound by the Stipulated Protective Order;

   f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters and litigation support personnel as well as their staff and clerical employees whose duties and responsibilities require access to such materials; and

   g. The parties.

  5. With respect to any depositions that involve a disclosure of Confidential Information of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d), (f) and (g) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d), (f) and (g) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with

Paragraphs 3 and 4.

6. Materials produced and marked as Attorneys' Eyes Only may be disclosed only to the following persons under the following restrictions:

    a. Outside counsel for the receiving party (defined to mean any attorney at the parties' outside law firms who is actively participating in this litigation) and inside counsel for the parties;

    b. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

    c. Outside independent experts or consultants retained by outside counsel for purposes of this action, as well as their staff and clerical employees whose duties and responsibilities require access to such materials, provided that the outside independent expert or consultant has signed, in advance, a non-disclosure agreement in the form attached to this Order as Exhibit A, to be maintained for 7 years by the retaining counsel;

    d. The Court and court personnel, as long as any discussion or submission is made under seal, in camera or as otherwise ordered by the Court;

    e. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters and litigation support personnel, as well as their staff and clerical employees whose duties and responsibilities require access to such materials, provided that a representative of the vendor has signed, in advance, a non-disclosure agreement in the form attached to this Order as Exhibit A, to be maintained for 7 years by the retaining counsel;

7. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only objects to such designation of any or all of such items, the following procedure shall apply:

    a. Counsel for the objecting party shall serve on the designating

1   party or third party a written objection to such designation, which shall describe
2   with particularity the documents or information in question and shall state the
3   grounds for objection.  Counsel for the designating party or third party shall
4   respond in writing to such objection within 14 days, and shall state with
5   particularity the grounds for asserting that the document or information is
6   Confidential or Attorneys' Eyes Only.  If no timely written response is made to the
7   objection, the challenged designation will be deemed to be void unless relief is
8   obtained from the Court based on a showing of good cause. If the designating party
9   or nonparty makes a timely response to such objection asserting the propriety of the
10  designation, counsel shall then confer in good faith in an effort to resolve the
11  dispute.

12         b.    If a dispute as to a Confidential or Attorneys' Eyes Only
13  designation of a document or item of information cannot be resolved by agreement,
14  the proponent of the designation being challenged shall present the dispute to the
15  Court.  Any such motion must be made in strict compliance with Local Rules 37-1
16  and 37-2, including the Joint Stipulation requirement set forth therein.  The
17  document or information that is the subject of the filing shall be treated as
18  originally designated pending resolution of the motion.

19      8.    If the need arises during trial or at any hearing before the Court for any
20  party to disclose Confidential or Attorneys' Eyes Only information, it may do so
21  only after giving notice to the producing party and as directed by the Court.

22      9.    To the extent consistent with applicable law, the inadvertent or
23  unintentional disclosure of Confidential or Attorneys' Eyes Only Information that
24  should have been designated as such, regardless of whether the information,
25  document or thing was so designated at the time of disclosure, shall not be deemed
26  a waiver in whole or in part of a party's claim of confidentiality, either as to the
27  specific information, document or thing disclosed or as to any other material or

28

- 6 -   Case No.   8:15-cv-02083-CJC-DFM

information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by providing to counsel for all parties to whom the material was disclosed, within a reasonable amount of time after disclosure, written notice that the material should have been designated Confidential or Attorneys' Eyes Only. Such notice shall constitute a designation of the information, document or thing as Confidential or Attorneys' Eyes Only under this Stipulated Protective Order.

10. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing in this Order restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

11. No information that is in the public domain, or that is already known by the receiving party through proper means, or that is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential Information under this Stipulated Protective Order.

12. This Stipulated Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

13. This Stipulated Protective Order shall survive the termination of this

action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

14. Upon final conclusion of this litigation, each party or other individual subject to the terms of this Order shall assemble and return to the originating source all originals and unmarked copies of documents and things containing Confidential or Attorneys' Eyes Only Information, provided, however, that counsel may retain complete copies of all transcripts, exhibits and pleadings for archival purposes, subject to the provisions of this Stipulated Protective Order. Alternatively, the parties may employ appropriate methods of destruction for Confidential or Attorneys' Eyes Only Information. Whether the Confidential or Attorneys' Eyes Only material is returned or destroyed, the receiving party must submit a written certification to the producing party (and, if not the same person or entity, to the designating party) within sixty (60) days of final judgment that verifies all the protected material that was returned or destroyed and that affirms that the receiving party to the extent reasonably practicable has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the protected material.

**IT IS SO ORDERED**

Dated: April 11, 2016     _____
                         Hon. Douglas F. McCormick
                         United States Magistrate Judge

# EXHIBIT A TO STIPULATED PROTECTIVE ORDER
## AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I, _____, declare as follows under penalty of perjury:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____ _____.

3. My present occupation or job description is _____ _____.

4. I have carefully read and understood the provisions of the Stipulated Protective Order in this case, entitled *Shirley Symonds v. Wyndham Vacation Resorts, Inc.*, et al., case no. 8:15-cv-02083-CJC-DFM (C.D. Cal.), signed by the Court, and I will comply with all provisions of the Stipulated Protective Order.

5. If I am shown any Confidential Information or any words, summaries, abstracts, or indices of Confidential Information, I will hold such information or material in confidence under the Stipulated Protective Order and will not disclose such information or material to anyone who is not permitted to see it under the Stipulated Protective Order.

6. If I am shown any Attorneys' Eyes Only Information or any words, summaries, abstracts, or indices of Attorneys' Eyes Only Information, I will hold such information or material in confidence under the Stipulated Protective Order and will not disclose such information or material to anyone not permitted to see it under the Stipulated Protective Order.

7. I will limit use of Confidential Material and Attorneys' Eyes Only Information disclosed to me solely for purpose of my work in connection with the above-captioned lawsuit.

8. At a time no later than the final conclusion of the case, I will return, to counsel for the party for whom I was employed or retained, all Confidential Information, Attorneys' Eyes Only Information, and summaries, abstracts, and indices of such information, as well as any documents or notes I have prepared relating to such information.

Dated: _____  _____
**[Name]**